*Naadirah Douglas v. NCO Financial Systems, Inc.'s*

**DEFENDANT'S EXHIBIT "A"**

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Naadirah Douglas
1015 Stoneybrook Drive
Springfield, PA 19064
             Plaintiff

v.                                            2014-16824

NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania, 19044
and                                     Jury Trial Demanded
X,Y, Z Corporations
             Defendant(s)

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201



2014-16824-0002  7/17/2014 11:54 AM  #9880843
Complaint In
Rcpt#Z2166812  Fee:$0.00
Mark Levy - MontCo Prothonotary

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Naadirah Douglas
1015 Stoneybrook Drive
Springfield, PA 19064
      Plaintiff
v.                2014-16824

NCO Financial Systems, Inc.
507 Prudential Road
Horsham, Pennsylvania, 19044
and              Jury Trial Demanded
X,Y, Z Corporations
      Defendant(s)

# COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. This Court has jurisdiction and venue because the Defendant's principal place of business is located in this jurisdiction in Pennsylvania.

3. This Court has jurisdiction and venue because a substantial portion of the conduct occurred in this jurisdiction in Pennsylvania.

4. Plaintiff is Naadirah Douglas, and adult individual with a residence of 1015 Stoneybrook Drive, Springfield, PA 19064.

5. Defendant is NCO Financial Systems, Inc., a business engaged in the collection of consumer accounts, with a principle business address of 507 Prudential Road, Horsham, Pennsylvania, 19044.

6. Defendants may also include X,Y, Z corporations, business entities whose names, addresses and identities are not known to Plaintiff at this time, but will become known upon proper discovery proceedings.

**Count One:  Violation of 15 USC 1692e an 15 USC 1692d et. seq. of the FDCPA
False and Misleading Communication; Threatening Legal Action With No Bona Fide
Intent; Harassment and Abuse**

7. The preceding paragraphs are incorporated by reference and made a part of this complaint.

8. At all times mentioned in this Complaint, Plaintiff was a consumer as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

9. At all times mentioned in this complaint. Defendant(s) was a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

10. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

11. The alleged debt that Defendant was trying to collect from Plaintiff was for a student loan which Plaintiff had incurred for her own personal use.

12. At all times various employees of Defendant(s) were acting as agents of Defendant(s), and therefore Defendant is liable to Plaintiff under the doctrine of respondeat superior.

13. During the approximate timeframe of February, 2014, one or more telephone communications took place between Plaintiff and Defendant.

14. In one or more of the communications, Plaintiff spoke with a male employee of Defendant who identified himself as Andre Jackson, or similar name.

15. In one or more telephone conversation between Plaintiff and Defendant, said male employee of Defendant threatened legal action against Plaintiff if Plaintiff did not pay Defendant for the alleged consumer debt that Defendant was attempting to collect from Plaintiff.

16. During such telephone communications(s) Defendant also threatened to put a lien on Plaintiff's father's house for the alleged consumer debt that Defendant was attempting to collect from Plaintiff. Plaintiff's father was the alleged co-signor for the account.

17. The aforementioned threat(s) of legal action was made without a bona fide intent to bring legal action on the account.

18. The aforementioned threat(s) of a lien on Plaintiff's father's house was made without a bona fide intent or legal ability to cause such a wage garnishment.

19. 15 USC 1692 e (5) prohibits a debt collector from threatening legal action against a consumer on an account when there is no bona fide intent to bring such action..

20. Defendant's threat to bring legal action against Plaintiff was false and misleading, made in bad faith without any intent to bring a suit against Plaintiff, and therefore was in violation of 15 USC 1692 e (5).

21. Defendant's threat to cause place a lien on Plaintiff's father's house was false and misleading, made in bad faith without any bona fide intent, and therefore was in violation of 15 USC 1692 e (5).

22. Defendant's threat to bring legal action against Plaintiff was harassment and abuse as defined by 15 USC 1681d, and in violation of 15 USC 1692d.

23. Defendant's threat to place a lien of Plaintiff's father's house was harassment and abuse as defined by 15 USC 1681d, and in violation of 15 USC 1692d.

## DAMAGES

24. Plaintiff is to up to $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

25. Plaintiff is entitled to actual damages of $1.00 more or less, including but not limited to postage, phone calls, etc.

26. Plaintiff is entitled to actual damages for emotions distress for worry and humiliation as a result of Defendant(s) illegal collection activity.

27. For purposes of a default judgment, Plaintiff believes and avers that there is a Dollar value of such actual damages for emotional distress in the amount of no less than $10,000.00 .

## ATTORNEY FEES

28. The previous paragraphs of this Complaint are incorporated by reference.

29. Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1692k et. seq.

30. Plaintiff believes and avers that the reasonable rate of such attorney fees is $350.00 per hour or other rate approved by this Honorable Court.

31. Plaintiff attorney fees of $2,800.00 are set forth below.

| | |
|---|---|
| a. Consultation with client and review of lawsuit. Multiple consultations by phone an in person on 6/20/2014. Referring Counsel consultation | 2.5 |
| b. Consultation between Plaintiff' Counsel and referring Counsel | 1 |
| c. Assisting Plaintiff to obtain consumer reports | .25 |
| c. Correspondence with Defendant / Demand Letter | .25 |
| d. Drafting, editing, review and filing of complaint and related documents, plus service | 2 hours |
| e. Follow up with Client and Defense | 2 hour |

8 hours at least
Total Reasonable Attorney Fees at $350.00 per hour $2,800.00

32. Plaintiff's attorney fees continue to accrue as the case move forward.

33. The above referenced attorney fees are an estimate of the amount of time necessary to prosecute the case and reasonable follow up.

## OTHER RELIEF

34. Plaintiff also seeks an injunction against further unlawful collection activity.

35. Plaintiff seeks declaratory relief barring Defendants from further unlawful debt collection activity.

36. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

37. Plaintiff demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant in the amount of $13,801.00 enumerated below.

      a.      $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

      b.      Actual damages of $1.00 more or less, including but not limited to postage, phone calls, etc.

      c.      $10,000.00 for emotional distress.

      d.      $2,800.00 attorney fees.

              $13,801.00

_/s/ Vicki Piontek_    7-16-14
Vicki Piontek, Esquire    Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Naadirah Douglas　　　　　　　　　　　　　:
1015 Stoneybrook Drive　　　　　　　　　　:
Springfield, PA  19064　　　　　　　　　　 :
　　　　　　　　　　Plaintiff　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　: 　 2014-16824
NCO Financial Systems, Inc.　　　　　　　　:
507 Prudential Road　　　　　　　　　　　　:
Horsham, Pennsylvania, 19044　　　　　　　 :
and　　　　　　　　　　　　　　　　　　　　　: 　 Jury Trial Demanded
X,Y, Z Corporations　　　　　　　　　　　　 :
　　　　　　　　　　Defendant(s)　　　　　　:

**VERIFICATION**

I, Naadirah Douglas, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_____  6/18/14
Naadirah Douglas　　　　　　　　　Date